IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jorge Arturo Flores Pulido, Daniel Ceja and Angel Eduardo Flores Pulido on behalf of themselves and others similarly situated, | |
| Plaintiffs, | Case No. 19 CV 2767 |
| v. | Judge Robert W. Gettleman |
| Francisco Jimenez, Fabiola Alcasar Cisneros, Jimenez & Sons Landscaping, Inc., | |
| Defendants. | |

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PORTIONS OF THE FIRST AMENDED COMPLAINT**

NOW COME Defendants, FRANCISCO JIMENEZ, FABIOLA ALCASAR CISNEROS, JIMENEZ & SONS LANDSCAPING, INC., by and through their attorneys, DONALD S. ROTHSCHILD and BRIAN M. DOUGHERTY, and for their RULE 12(b)(6) MOTION TO DISMISS PORTIONS OF THE FIRST AMENDED COMPLAINT, state as follows:

### I.     INTRODUCTION

Plaintiffs filed a class and collective action complaint alleging violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), the Fair Labor Standards Act of 1938 ("FLSA"), the Trafficking Victims Protection Act ("TVPA"), the Illinois Minimum Wage ("IMWL"), the Illinois Wage Payment and Collection Act ("IWPCA"), and finally a claim for breach of contract.

Plaintiffs were H-2B workers who came from Mexico to work at Defendant Jimenez & Son Landscaping, Inc. ("Jimenez"), a landscaping company.  Defendant Francisco Jimenez ("Francisco") is the owner and President, and Fabiola Alcasar Cisneros ("Cisneros") is a Jimenez

1

employee. Plaintiffs claim that Defendants violated various federal and Illinois state laws in their employment, specifically, that they were not paid the proper wages, they were not reimbursed for certain expenses, and were forced to work under some threatening working conditions.

Defendants responded to the initial complaint by filing a Rule 12(b)(6) motion to dismiss, which it withdrew since Plaintiffs agreed to file an amended complaint, which they did, albeit tardily.

As will be shown, certain counts and Defendants must be dismissed from the First Amended Complaint ("Amd. Compl.") since the allegations are still woefully inadequate under Rules 8 and 9(b).

## II. RULE 12(b)(6) STANDARD

The test under Rule 12(b)(6) is well established. "A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim on which relief may be granted." *Cho v. Maru Rest., Inc.*, 194 F. Supp. 3d 700, 702 (N.D. Ill. 2016). "In ruling on a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor." *Id*. "To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face." *Id*., citing *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The allegations in the complaint must be 'enough to raise a right to relief above the speculative level.'" *Cho*, 194 F. Supp. 3d at 702, quoting *Twombly*, 550 U.S. at 555. "At the same time, the plaintiff need not plead legal theories; it is the facts that count." *Cho*, 194 F. Supp. 3d at 702, citing *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010).

### III. ARGUMENT

#### A. Counts I and II fail to adequately allege viable RICO claims

Plaintiffs' claims under RICO in Count I are conclusory and vague averments, which attempt to lump all three defendants as participants in some fraudulent scheme.

In order to satisfy the requirements of Section 1962(c), a complaint must contain allegations of (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Lachmund v. ADM Investor Services, Inc.*, 191 F.3d 777, 782, 784 (7th Cir. 1999). "Racketeering activity" under RICO consists of a list of enumerated crimes. 18 U.S.C. §1961(1). The Federal Rules of Civil Procedure require that "a party must state with *particularity* the circumstances constituting fraud ..." Fed. R. Civ. P. 9(b) (emphasis added); see also *Lachmund*, 191 F.3d at 782, 783-84 (7th Cir. 1999) (affirming dismissal of RICO and fraud claims for failure to specify sufficient facts). Courts have consistently held RICO claims to higher standards under Rule 9(b). *R.E. Davis Chemical Corp. v. Nalco Chemical Corp.*, 720 F. Supp. 2d 1499, 1516 (N.D. Ill. 1990). "*The complaint must be specific* with respect to the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Lachmund*, 191 F.3d at 784 (emphasis added).

The Complaint's general allegations lumping together all of the defendants are insufficient under Rule 9(b). *Vicom, Inc. v. Harbridge Merch. Services, Inc.*, 20 F.3d 771, 777-78 (7th Cir. 1994). "Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987). Allegations

3

against multiple defendants "lumped together" for pleading purposes are insufficient. *Sears v. Likens,* 912 F.2d 889, 893 (7th Cir. 1990).

### 1. Plaintiffs fail to plead "conduct" against Defendant Cisneros

In order to satisfy the "conduct" element of § 1962(c), a plaintiff must allege that the defendant "participated in the operation or management of the enterprise itself," and that the defendant played "some part in directing the enterprise's affairs." *Goren v. New Vision Intern., Inc.*, 156 F.3d 721, 727 (7th Cir. 1998), quoting *Reves v. Ernst & Young,* 507 U.S. 170, 179 (1993).

There are no specific allegations that Cisneros participated in the operation and management of the enterprise, (Amd. Compl. ¶ 93), as opposed to assisting the other Defendants in contacting and contracting with Plaintiffs and other unknown persons. (Amd. Compl. ¶ 17). "It is not enough … for a plaintiff simply to allege the [the "conduct" requirement] in boilerplate fashion[.]" *Goren*, 156 F.3d at 727. There must be "sufficient facts in support" of this element. *Id.* Accordingly, Cisneros must be dismissed from Count I.

### 2. Plaintiffs fail to plead the existence of a RICO "enterprise"

A plaintiff asserting a RICO claim is required to plead the conduct of an "enterprise" through a pattern of racketeering activity. *Morgan v. Bank of Waukegan*, 804 F.2d 970, 973 (7th Cir. 1986); *Jennings v. Emry*, 910 F.2d 1434, 1439-40 (7th Cir. 1990). An enterprise must have structure, including an organization amenable to hierarchical or consensual decision-making, and its goals must be separate from the underlying predicate acts. *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995). However, "[a] firm and its employees, or a parent and its subsidiaries, are not an enterprise separate from the firm itself." *Bachman v. Bear, Stears & Co., Inc.*, 178 F.3d 930, 932 (7th Cir. 1999).

4

The Amended Complaint *still* alleges that Defendant Francisco is the owner and President of Defendant Jimenez, an Illinois-based corporation, who controlled the oversight of the business operations, including employee hiring, firing, and other terms and conditions of Plaintiffs' employment. (Amd. Compl. ¶¶ 11, 13). Additionally, Defendant Cisneros assisted Francisco and Jimenez in contracting with Plaintiffs to work for Jimenez. (Amd. Compl. ¶ 17). Plaintiffs claim that all of the Defendants jointly employed them. (Amd. Compl. ¶¶ 18-21). Critically, Plaintiffs allege that Jimenez is an enterprise and that Defendants (presumably the individual Defendants) "are employed by or associated with the enterprise." ( Amd. Compl. ¶ 92).

In *Bachman*, the alleged RICO enterprise consisted of the plaintiff's employer's CEO, the CEO of the controlling shareholder, and Bear, Stearns. *Bachman*, 178 F.3d at 932. In the Seventh Circuit's analysis, it intentionally omitted referencing the four other corporations since those corporations employed the two CEO's and adding them would "add nothing" to the RICO enterprise analysis since the firm and its employees are not an enterprise separate from the firm. *Id*.

Similarly, Francisco and Cisneros were all employed by Jimenez and jointly employed the Plaintiffs, according to the Amended Complaint. (Compl. ¶¶ 11, 13, 17, 92). There are no allegations showing that the employees are separate from Jimenez. All that can be shown is that possibly a conspiracy existed, but not every intra-corporate conspiracy is a RICO violation. *Bachman*, 178 F.3d at 932. Accordingly, there is no enterprise adequately alleged under Count I.

    **3.**     **Plaintiffs fail to plead a "pattern of racketeering activity" with particularity**

The Amended Complaint fails to identify any specific facts regarding any of the Defendants participation in two or more predicate acts under RICO. The visa fraud allegations

5

(Amd. Compl. ¶¶ 53, 54, 94, 96), the Fraud in Foreign Labor Contracting allegations (Amd. Compl. ¶ 61), and the mail and wire fraud allegations (Amd. Compl. ¶¶ 59, 60, 62, 94, 96) are conclusory and non-specific. *Goren*, 156 F.3d at 729. The Amended Complaint merely alleges that the Defendants used the mail and wires to make false representations to the U.S. Department of Labor that they would pay certain wages, which caused visas to be issued to Plaintiffs. (Amd. Compl. ¶ 96). This general allegation does not contain the level of specificity required by Rule 9(b) which would inform each defendant of the nature of its alleged participation in the fraud. *Goren*, 156 F.3d at 730. Thus, Count I should be dismissed.

    **4.    Plaintiffs have not adequately alleged a RICO conspiracy**

In order to state a viable claim under § 1962(d), Plaintiffs must allege (1) that each defendant agreed to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering activity and (2) that each defendant further agreed that someone would commit at least two predicate acts to accomplish those goals. *Goren*, 156 F.3d at 732.

Count II fails to allege any facts indicating an agreement by Defendants Francisco and Cisneros as to which roles they would play in the enterprise. Thus, no agreement has been adequately alleged by which Defendants Francisco and Cisneros agreed to participate in the management and affairs of Jimenez. *Goren*, 156 F.3d at 732. Count II also fails to allege with specificity an agreement by Defendants Francisco and Cisneros to the commission of at least two predicate acts. *Id*. Accordingly, Count II fails to meet the stringent requirements of § 1962(d) and must be dismissed.

6

### B. Cisneros must be dismissed from Counts III, VI, and VII

Plaintiffs seek to hold Ciseros personally liable under the FLSA, IMWL, and the IWPCA. All attempts at this fail.

The FLSA defines "employer" to include, in relevant part, "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Both the IMWL and IWPCA define "employer" to include, in relevant part, "any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." 820 ILCS 105/3(c); 820 ILCS 115/2. The IWPCA further provides that "[a]ny officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation." 820 ILCS 115/13.

The allegations against Cisneros only claim that he assisted Francisco in contracting Plaintiffs to work for Jimenez. (Amd. Compl. ¶ 17). In *Bohr v. Corrigan Moving Sys.*, No. 09 C 4281, 2009 WL 3517748, at *1 (N.D. Ill. Oct. 29, 2009), the district court similarly dismissed conclusory allegations under the FLSA, IMWL, and IWPCA. There are also no allegations that Cisneros worked for Jimenez in a decision-making capacity and knowingly permitted the alleged violations of the IWPCA. These allegations are insufficient, even if proven true, to implicate Cisneros as an employer under the IWPCA separately. See *Ziccarelli v. Phillips*, No. 12 CV 9602, 2013 WL 5387864, at *11–12 (N.D. Ill. Sept. 25, 2013). Accordingly, Cisneros must be dismissed from Counts III, VI, and VII.

### C. Francisco and Cisneros must be dismissed from Count VIII

The required elements of a breach of contract claim in Illinois are the standard common law elements: "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4)

performance by plaintiff of all required conditions, (5) breach, and (6) damages." *Assoc. Benefit Serv., Inc. v. Caremark RX, Inc.,* 493 F.3d 841, 849 (7th Cir. 2007), quoting *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC,* 364 Ill. App. 3d 6, 14 (1st Dist. 2006).

There are no allegations that the Plaintiffs had a contractual relationship with Francisco or Cisneros; the allegations simply point to a contract with Jimenez. (Amd. Compl. ¶ 117). Thus, Francisco and Cisneros must be dismissed from Count VIII.

**D.     Plaintiffs should not be allowed to re-plead**

"District courts may deny leave to amend when such amendment would be futile." *Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 684-85 (7th Cir. 2018). The prior Rule 12(b)(6) motion to dismiss set forth what deficiencies existed. This is the second complaint filed by Plaintiffs and it still suffers from some of the identical deficiencies as the initial complaint. The only major difference is that the Amended Complaint alleges that Plaintiffs worked over 40 hours in certain weeks. It is clear that granting another opportunity to amend would be futile and leave to do so should be denied.

WHEREFORE, Defendants, FRANCISCO JIMENEZ, FABIOLA ALCASAR CISNEROS, JIMENEZ & SONS LANDSCAPING, INC., respectfully request that this Court enter an order:

    a.     dismissing Counts I and II with prejudice;

    b.     dismissing Defendant Fabiola Alcasar Cisneros from Counts III, VI, VII, and VIII with prejudice;

    c.     dismissing Defendant Francisco Jimenez from Count VIII with prejudice; and

    d.     awarding all other relief this Court deems equitable and just.

Respectfully submitted,

FRANCISCO JIMENEZ, FABIOLA ALCASAR CISNEROS, JIMENEZ & SONS LANDSCAPING, INC.,

By: /s/ Donald S. Rothschild
      One of Their Attorneys

Donald S. Rothschild
dsr@gsrnh.com
Brian M. Dougherty
bmd@gsrnh.com
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
Telephone: (630) 655-6000
Facsimile: (630) 655-9808